**Shawn M. Lindsay, OSB 02069**
ShawnLindsay@MHGM.com
MARKOWITZ, HERBOLD, GLADE
 & MEHLHAF, P.C.
Suite 3000 Pacwest Center
1211 S.W. Fifth Avenue
Portland, OR  97204-3730
Tel:  (503) 295-3085
Fax:  (503) 323-9105

    Of Attorneys for Defendant Anova Food, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KING TUNA, INC., a California corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>ANOVA FOOD, INC., a Georgia corporation,<br><br>              Defendant. | No. 07-6191-TC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br>In Support Of Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction And Improper Venue |

## INTRODUCTION

Defendant Anova Food, Inc. ("Anova") has no officers, employees, distributors, manufacturing facilities, offices or any assets in Oregon.  Anova does not actively advertise in Oregon, it does not directly sell any products in Oregon, nor does it do any business in Oregon. Anova does not purposefully direct any of its activities at either Oregon or her residents, nor has Anova otherwise purposefully availed itself of the benefits and protections of the laws of Oregon.  In short, Anova does not have the Constitutionally-mandated "minimum contacts" with Oregon.  Further, plaintiff King Tuna, Inc. ("King Tuna") itself is not registered to conduct

**Page 1 -   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

business in Oregon and it appears that it has no "minimum contacts" with Oregon either. Dismissal is appropriate.

## MATERIAL FACTS

Anova is in the business of marketing food products. (Declaration of Doug Brinsmade in Support of Motion To Dismiss For Lack Of Personal Jurisdiction and Venue ("Brinsmade Decl."), ¶ 5.) It is a Georgia corporation, and has its principal place of business in Tampa, Florida. (Id., ¶ 3.) Anova does not sell any products in Oregon. (Id., ¶ 6.) It has no officers, employees, distributors, manufacturing facilities, offices, or assets in Oregon. (Id.) Anova does not own property in Oregon nor does it pay taxes to the State of Oregon. (Id.) Anova does not actively advertise in Oregon and it is not registered to conduct business in Oregon. (Id.) Nor does Anova maintain a registered agent in Oregon. (Id.) Anova does not have established distribution channels for sending product into Oregon. (Id.) Also, Anova does not extend any warranties to Oregon consumers. (Id.)

Anova imports food products into certain regions of the United States. (Id., ¶ 5.) It sells the food products to unrelated companies and ownership of the food products is transferred in jurisdictions other than Oregon. (Id.) The sale of the food products does not take place in Oregon. (Id.) The food products are delivered to customers in jurisdictions other than Oregon, and title to the food products passes from Anova to customers in those jurisdictions other than Oregon. (Id.) After the sale to the unrelated third parties, Anova does not have any further involvement with the food products, in what end products the food products might be used, or where any end products are sold. (Id.) In the last seven years, Anova has made two or three small shipments that might have been destined to a distributor in Oregon. (Id., ¶ 7.) These shipments were made to an unrelated third party with an Oregon address via an unsolicited

Page 2 -   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
          DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL
          JURISDICTION AND IMPROPER VENUE

telephonic order to Anova's offices in Florida.  (Id.)  Anova does not make, use, import, offer for sale and/or sell the food products in Oregon.  (Id., ¶ 6.)

Plaintiff King Tuna itself is not registered to conduct business in Oregon.  (Declaration of Shawn M. Lindsay in Support of Motion To Dismiss For Lack Of Personal Jurisdiction and Venue ("Lindsay Decl."), ¶ 2.)

## ARGUMENT

**I.   King Tuna's claims should be dismissed for lack of personal jurisdiction.**

**A.   Summary of applicable law.**

Evaluating whether personal jurisdiction exists over a defendant involves a two-step inquiry.  The court must first determine whether the defendant is amenable to service under the applicable state's long-arm statute.  Jenkins v. Whittaker Corp., 785 F.2d 720, 723 (9th Cir. 1986).  The next inquiry is whether "the assertion of jurisdiction under the statute comports with constitutional requirements of due process" of the Constitution of the United States.  Id. (citing Colonial Leasing Co. v. Pugh Brothers Garage, 735 F.2d 380, 383 (9th Cir.1984)).  The burden of establishing jurisdiction rests with the plaintiff, not the defendant.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).  A motion to dismiss must be granted unless the plaintiff establishes a prima facie case of jurisdiction by presenting sufficient evidence.  Id.  The plaintiff cannot "simply rest on the bare allegations of its complaint[.]"  Id. (quoting Amba Marketing Sys., Inc. v. Job Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977)).

In Oregon, the exercise of personal jurisdiction must satisfy the requirements of the Oregon long-arm statute and comport with the principles of federal due process.  Fone America, Inc. v. Integretel, Inc., 779 F. Supp. 497, 499 (D. Or. 1991).  The Oregon long arm statute reaches as far as the Due Process Clause will allow.  Id.  As such, the two-step inquiry collapses into a

Page 3 -   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
            DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL
            JURISDICTION AND IMPROPER VENUE

single due-process analysis: whether exercising personal jurisdiction over Anova is consistent with federal due process. Jenkins, 785 F.2d at 723. Neither of the two bases necessary for federal due process – general jurisdiction or specific jurisdiction – is satisfied here.

  **B.**  **General jurisdiction is lacking.**

  For general jurisdiction to exist over a nonresident, the defendant must engage in "continuous and systematic general business contacts" that "approximate physical presence" in the forum state. Schwarzenegger, 374 F.3d at 801 (citations omitted); see also, NMOTION, Inc. v. Environmental Tectonics Corp., 196 F. Supp. 2d 1051, 1057 (D. Or. 2001) (stating, "[p]ertinent factors to consider [in determining general jurisdiction] are whether the defendant: 1. makes sales, solicits, or engages in business in the state, 2. serves the state's markets, 3. designates an agent for service of process, 4. holds a license, or 5. is incorporated in the state." (citations omitted)). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Schwarzenegger, 374 F.3d at 801. King Tuna cannot satisfy that exacting standard here.

  In Schwarzenegger, for instance, in addition to purchasing supplies and entering into sales contracts with California residents, the defendant maintained "an Internet website accessible by anyone capable of using the Internet, including people living in California." Id. The Ninth Circuit found those contacts, including maintaining the website, fell "well short" of the presence required to warrant general jurisdiction. Id.; see also Millennium Enterprises, Inc. v. Millennium Music, LP, 33 F. Supp.2d 907, 910 (D. Or. 1999) (the court could find "no case in which a court asserted general jurisdiction based on the existence of an Internet Web site").

**Page 4 -** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
    DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL
    JURISDICTION AND IMPROPER VENUE

In NMOTION, the defendant acted in concert with an Oregon software firm to integrate software code of Pro Pilot into a product. 196 F. Supp. 2d at 1057. The activities of the defendant allegedly involved "telephone calls, e-mails, correspondence, and perhaps visits to Oregon." Id. Despite these rather "numerous" contacts, the court determined that they were insufficient to show a "systematic and continuous relationship between the defendant and Oregon." Id.

The contacts here are nowhere near as extensive as in Schwarzenegger or in NMOTION. In fact, apart from the existence of a routinely available website, Anova contacts in Oregon are non-existent. Anova has not performed any act relevant to this litigation in Oregon, consummated any transaction within Oregon, or otherwise purposefully availed itself of the privileges of conducting activities in Oregon. No known prospective witnesses reside in Oregon. In addition to all of the above, plaintiff King Tuna itself has no known presence in Oregon whatsoever. Accordingly, general jurisdiction is utterly lacking.

  **C.**  **Specific jurisdiction is lacking.**

Nor can King Tuna satisfy the three-prong test for specific jurisdiction. It requires,

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

Schwarzenegger, 374 F.3d at 802; NMOTION, Inc., 196 F. Supp. 2d at 1058. It is the plaintiff, not the defendant, who "bears the burden of satisfying the first two prongs of the test." Schwarzenegger, 374 F.3d at 802. If, and only if, King Tuna proves that both of the two prongs

**Page 5 -** **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

have been satisfied, does the burden shift to Anova to show that the exercise of jurisdiction would not be reasonable. Id.

### 1.  Anova did not and does not direct its activities toward Oregon.

Anova has not set foot in Oregon. It does not have employees here. It does not own real estate here. The only connection King Tuna can conceivably point to is the www.anovafoodinc.com website, which offers products for sale, but does not focus specifically on Oregon in any way. Moreover, no sales have ever been made from Anova to an Oregon customer via its website.

There must be "something more" than Internet activity to establish "that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state." Cybersell Inc. v. Cybersell Inc., 130 F.3d 414, 418 (9th Cir. 1997). "[T]he mere existence of a worldwide website, regardless of whether the site is active or passive, is an insufficient basis on which to find that the advertiser has purposely directed its activities at residents of the forum state." Digital Control Inc. v. Boretronics, Inc., 161 F. Supp.2d 1183, 1886-87 (W.D. Wash. 2001). Personal jurisdiction requires the plaintiff to prove that the defendant did something else amounting to purposeful availment of the privilege of conducting activities in the state. Millennium Enterprises, 33 F. Supp.2d at 920-22.

There are sound reasons for this rule. In Digital Control, the court explained that the nature of the Internet requires courts to be cautious about avoiding "the unjustifiable extreme of universal jurisdiction" based on ownership of a website. 161 F. Supp. 2d at 1186. "The medium, by its very nature, provides immediate and virtually uncontrollable worldwide exposure." Id. This Court explained, "the imposition of broad territorial concepts of personal jurisdiction on the commercial uses of the Internet has dramatic implications," and threatens to

**Page 6 -  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

open up small businesses with the "litigious nightmare of being subject to suit in every jurisdiction in this country." Millennium Enterprises, 33 F. Supp. 2d at 921.

To the extent Anova's food products might have found their way into Oregon, this was not the result of any activity of Anova purposefully directed at Oregon. To the contrary, the presence of the accused food products in Oregon was the result of a unilateral decision by others wholly unrelated to Anova. Another's unilateral decision to sell the accused products in Oregon cannot be attributed to Anova, nor can these sales serve as a basis for specific personal jurisdiction over Anova. See Asahi Metal Indus. Co., Ltd. v. Superior Court of California, 480 U.S. 102, 109, 107 S. Ct 1026 (1987) (no personal jurisdiction over Japanese manufacturer of tire valves where unrelated party unilaterally directed sales of products incorporating valves at forum state).

Under these cases, there is no basis for a constitutional exercise of personal jurisdiction over Anova. The website does not focus on the state of Oregon. It is an ambient website that does not manifest any purposeful availment of the laws of Oregon. Furthermore, Anova has sold no products to Oregon customers. Because Anova has not directed its activities toward Oregon, it cannot be sued here.

    **2.  Anova could not and cannot reasonably anticipate being haled into court in Oregon.**

Furthermore, imposing personal jurisdiction would not comport with traditional notions of substantial justice and fair play. Seven factors apply in determining whether specific jurisdiction is reasonable: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendants; (3) conflicts of law between the forum and defendants' home jurisdiction; (4) the forum's interest in adjudicating the dispute; (5) the most

efficient judicial resolution of the dispute; (6) the plaintiff's interest in convenient and effective relief; and (7) the existence of an "alternative forum." Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991). An analysis of these factors shows that personal jurisdiction is improper.

First, Anova did not "purposefully interject" itself into Oregon affairs. By operating an ambient website in one state, a company does not purposefully interject itself into another state.

Second, the burden of defending the action in Oregon is great. Anova is a small Georgia business operating in Tampa, Florida. Their first time traveling to Oregon should not be to defend this lawsuit.

Third, Georgia, Florida or Federal Circuit law would apply to these claims, not Oregon.

Fourth, Oregon does not have an interest in adjudicating a dispute as neither party to this suit is registered to conduct business here.

Fifth and sixth, Oregon is not the most efficient or convenient forum. King Tuna, a California business, has named a Georgia business as defendant. All of the parties' records are located outside of Oregon. No efficiency is gained by an Oregon action.

And seventh, a logical alternative forum exists. Indeed, Anova has filed a suit against King Tuna's affiliate, Tuna Processors, Inc.[1], in an appropriate forum: the United States District Court for the Eastern District of Virginia, Case No. 1:07CV902. (Lindsay Decl., ¶ 3.)

In summary, a lawsuit in Oregon is not reasonable.

## II.     King Tuna's claims should be dismissed for improper venue.

A corporate defendant is deemed to reside in any district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). Thus, as to Anova, venue

---

[1] King Tuna, Inc. and Tuna Processors, Inc. are both owned by Joaquin Lu who is also the president of both companies. See Verification to Complaint.

**Page 8 -   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
           **DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL**
           **JURISDICTION AND IMPROPER VENUE**

and personal jurisdiction go hand in glove. For the same reasons that personal jurisdiction is lacking, venue is also improper.

## CONCLUSION

Anova has no Oregon presence; it has not purposefully directed any activities at Oregon, nor has Anova availed itself of the benefits and protections of her laws. King Tuna itself is not registered to conduct business here in Oregon. Potential unrelated third-party decisions beyond Anova's control to sell products incorporating Anova's food products in Oregon and/or ship products to Oregon for which title was obtained from Anova in other jurisdictions, are insufficient to establish jurisdiction or venue. Under the circumstances, requiring Anova to defend itself in a foreign jurisdiction thousands of miles from its home would offend the notions of fair play and substantial justice embodied in the Due Process Clause of the Constitution. Accordingly, Anova's motion to dismiss for lack of personal jurisdiction and lack of venue should be granted.

DATED this 10th day of September, 2007.

MARKOWITZ, HERBOLD, GLADE
& MEHLHAF, P.C.

By: */s/ Shawn M. Lindsay*
Shawn M. Lindsay, OSB #02069
(503) 295-3085
Of Attorneys for Defendant

KINGAN\136036

Page 9 -  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER VENUE

## ATTORNEY CERTIFICATE OF SERVICE

  I hereby certify that on September 10, 2007, I have made service of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE** on the party/ies listed below in the manner indicated:

| | |
|---|---|
| Carl D. Crowell | ☐ U.S. Mail |
| Michelle L. H. Ing | ☐ Facsimile |
| David W. Sherman | ☐ Hand Delivery |
| Crowell Ing, LLP | ☐ Overnight Courier |
| P.O. Box 923 | ☐ Email |
| Salem, OR  97308-0923 | ☒ Electronically via USDC CM/ECF system |

  DATED this 10th day of September, 2007.

                */s/ Shawn M. Lindsay*
                Shawn M. Lindsay, OSB #02069
                Attorney for Defendant